```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 7
DEREK AUSTIN GITSCH,             )
                                 )    Bankruptcy No. 07-00124
     Debtor.                     )
                                 )
DEREK AUSTIN GITSCH,             )
                                 )    Adversary No. 07-09070
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
IOWA STUDENT LOAN LIQUIDITY      )
CORPORATION,                     )
                                 )
     Defendant,                  )
                                 )
EDUCATIONAL CREDIT               )
MANAGEMENT CORP.,                )
                                 )
     Intervenor/Defendant.       )
```

### ORDER RE: COMPLAINT TO DETERMINE
### DISCHARGEABILITY OF STUDENT LOANS

This matter came before the undersigned for trial on February 14, 2008. Debtor Derek Austin Gitsch appeared with Attorney Gary McClintock. Defendant Educational Credit Management Corp. ("ECMC") was represented by Attorney Matthew Cronin. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Debtor asserts he has insufficient income to repay student loans and requests an undue hardship discharge under § 523(a)(8). ECMC asserts Debtor is able to pay the student loan without undue hardship.

### FINDINGS OF FACT

Debtor Derek Gitsch is single, 48 years old and has no health problems. He currently earns $12.86 per hour at a full-time job working as a counselor for people with mental and

physical disabilities.  This is the best paying and most rewarding job he has ever had.  He has concerns that his hours may be reduced depending on the future placement of the individuals he currently oversees.  Debtor also testified, however, that he may receive annual raises and there is opportunity for advancement at his current job.  At Debtor's previous job doing security work, his gross income was $1,440 per month.

Based on Debtor's testimony, interrogatories, tax returns and Bankruptcy schedules, Debtor's current net monthly income is approximately $1,600 and his monthly expenses are approximately $1,300, giving him approximately $300 of monthly disposable income.  Debtor lives quite frugally.  He is able, however, to contribute $100 every two weeks to his employer-sponsored 401(k) retirement plan.  He would like to use his disposable income to pay back his parents for helping out with his bills and groceries in the past.

Debtor testified that he received net proceeds of $11,740 from the sale of a house in December 2005.  He used the money to pay off his car loan and three or four credit card accounts and to buy a few Christmas presents.  At the time, he was paying creditors through Consumer Credit.  By paying off the credit cards, Consumer Credit was able to apply approximately $100 per month against Debtor's student loan.  Debtor stated he continued paying the $100 per month as long as he could.

The current balance of Debtor's student loan held by ECMC is over $58,000.  This arises from Debtor's consolidation of student loans in the total amount of $24,934 in June 1997.  ECMC points out that this was not long after Debtor received a bankruptcy discharge in September 1996 in a Chapter 7 case filed in the Southern District of Iowa.  The student loans Debtor consolidated financed his education at Hawkeye Tech, Kirkwood Community College, Scott Community College and Palmer Chiropractic.  Debtor has an Associates degree in marketing management.  He also started but did not complete a degree in corrections nor did he complete his education toward a chiropractic degree.  Debtor completed a Certified Nursing Assistant course without charge through a nursing home where he worked.

Debtor testified that he explored the options for repaying his student loan over time with smaller payments.  He said none of the options would work.  As he is 48 years old now, he felt that he would be 80 before the loan would be paid off and he doesn't plan on working that long.  Debtor believes that if he paid what he could for 25 years with the remainder being forgiven

2

at the end, he would incur a huge tax burden.  He testified that he spoke to his attorney about this.  The Court notes that ECMC's Exhibit A shows that Debtor is eligible for a 25-year income contingent repayment plan with monthly payments of $129.03.

**CONCLUSIONS OF LAW**

Student loan debts are not discharged in bankruptcy "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."  11 U.S.C. § 523(a)(8).  Debtor must prove the existence of undue hardship by a preponderance of the evidence. In re Cheney, 280 B.R. 648, 659 (N.D. Iowa 2002).

"Undue hardship" requires examination of the totality of circumstances.  In re Reynolds, 425 F.3d 526, 532 (8th Cir. 2005).

> In evaluating the totality-of-the-circumstances, our bankruptcy ... courts should consider: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case.  Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt - while still allowing for a minimal standard of living - then the debt should not be discharged.

In re Long, 322 F.3d 549, 554 (8th Cir. 2003) (citations omitted).  The first factor "will require a special consideration of the debtor's present employment and financial situation - including assets, expenses, and earnings - along with the prospect of future changes - positive or adverse - in the debtor's financial position."  Id.; In re Nelson, 343 B.R. 919, 922 (Bankr. S.D. Iowa 2006) (Kilburg, J.).

The second factor, concerning debtor's living expenses, requires a determination of what expenses are "reasonable and necessary."  In re Long, 292 B.R. 635, 638 (B.A.P. 8th Cir. 2003) (on remand from 8th Circuit).  To be reasonable and necessary, expenses must be modest and commensurate with the debtor's resources.  In re Meling, 263 B.R. 275, 279 (Bankr. N.D. Iowa 2001), aff'd, 2002 WL 32107248 (N.D. Iowa 2002).

3

Other relevant factors and circumstances of each individual bankruptcy case may include: (1) the debtor's good faith effort to repay the loan, or a debtor's bad faith in non-repayment, (2) whether the debtor has made a good faith effort to obtain employment, maximize income, and minimize expenses, and (3) whether the debtor is suffering truly severe, even uniquely difficult financial circumstances, not merely severe financial difficulty. Faktor v. United States, 306 B.R. 256, 264 (Bankr. N.D. Iowa 2004); In re Wilson, 270 B.R. 290, 294 (Bankr. N.D. Iowa 2001). The availability of an "Income Contingent Repayment Plan" ("ICRP") is but one factor to be considered. In re Lee, 352 B.R. 91, 95 (B.A.P. 8th Cir. 2006). Courts have also considered that an ICRP can result in a significant tax bill if the student loan is ultimately forgiven after 25 years. Id. at 97; In re Jesperson, 366 B.R. 908, 913 (Bankr. D. Minn. 2007) (noting the cancellation of a student loan debt is apparently a taxable event only if the taxpayer is solvent at the time); see also In re Barrett, 487 F.3d 353, 364 (6th Cir. 2007) (finding debtor's decision to forgo the ICRP was not grounds for finding bad faith in light of the significant tax consequences).

## ANALYSIS

Based on the foregoing, the Court concludes that Debtor is not entitled to an "undue hardship" discharge of his student loans under § 523(a)(8). Debtor lives frugally and has a modest income and reasonable expenses. He currently has approximately $300 in monthly disposable income and is able to save $100 every two weeks towards retirement. Although Debtor has concerns about losing hours at his job, the record shows that Debtor has the potential to earn a similar income in the future. Debtor testified that he may, indeed, remain employed at his current job with yearly raises and the possibility of advancement. At age 48, Debtor has almost two decades of working years remaining before he reaches normal retirement age. He is healthy and has maintained steady employment in the past 20 years at a slightly lower level of income.

Debtor has only made modest efforts to repay his student loans. When he had disposable income upon the sale of his house, Debtor chose to pay off credit cards rather than pay down his student loan.

Debtor is not suffering from any truly severe financial circumstances. He has sufficient disposable income to pay something to ECMC – even to pay more than the estimated ICRP payment of $129.03 per month. The potential tax burden of a discharge of indebtedness after the completion of a 25-year ICRP

4

is not sufficient cause to discharge Debtor's student loan.  The tax burden may never materialize if Debtor remains insolvent.

**WHEREFORE**, Debtor's Complaint to Determine Dischargeability of Student Loans is DENIED.

DATED AND ENTERED:

February 25, 2008

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE